MERRILL *versus* MOWRY & al.

An agreement in writing, made by the payee when taking a promissory note, that the amount of an account previously due from him to the maker of the note, " shall go to reduce the note," is but an executory promise, and does not convert the account into a payment upon the note.

If, upon the bankruptcy of the maker of the note, such account be sold by his assignee and paid to the purchaser by the payee of the note, the executory agreement will not preclude the payee from recovering the whole amount of the note against the maker.

ON FACTS AGREED.

ASSUMPSIT, by the payee against the makers of a promissory note.

TENNEY, J., orally. — Mowry, when decreed to be a bankrupt, had an account against the plaintiff, justly due. The amount of it ought to have been allowed upon a note which the plaintiff held against Mowry, and another person, since deceased. After that decree in bankruptcy, Mowry, jointly with the other defendant, gave to the plaintiff the note now in suit, in discharge of the note aforementioned, the plaintiff promising in writing, that the amount due upon the account, should " go to reduce the note."

The assignee in bankruptcy, however, finding the account among the assets of Mowry, sold it at auction to one Nason, to whom the plaintiff afterwards paid the same.

The only question is whether the amount of the account shall be deducted from the amount to be recovered by the plaintiff upon the note. No claim has been filed in set-off.

The defendant contends *that* the transactions between the parties, at the time of giving the note in suit, constituted a payment upon the note to the amount of the account; and *that* the account was thereby discharged; *that* nothing passed to Nason by the assignee's sale; *that* therefore the payment which the plaintiff made to Nason, was in his own wrong.

But such is not the view taken by the Court. The account existed prior to the making of the note. The items of which it was composed could not, therefore, have been furnished as *payment* upon the note. The engagement by the plaintiff that the account should go to reduce the note, was but an *executory* promise. It did not convert the account into a payment upon the note. The property in the account rightfully passed to Nason by the assignee's sale, and the plaintiff has properly paid it.

The claim of the defendants, that the amount of the account be deducted from the note, is not sustained.

*D. T. Granger*, for the plaintiff.

*B. Bradbury*, for the defendants.